# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 15, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* H.M.

No. 18-0193 (Wood County 16-JA-98)

## MEMORANDUM DECISION

Petitioner Mother R.M., by counsel George M. Torres, appeals the Circuit Court of Wood County's January 18, 2018, order terminating her parental rights to H.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Justin M. Raber, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights based upon the erroneous finding that there was no reasonable likelihood that she could correct the conditions of abuse and neglect in the near future, terminating her parental rights when less-restrictive alternatives were available, and denying her post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2016, the DHHR filed an abuse and neglect petition against petitioner and the father shortly after the birth of H.M., the only child at issue in this appeal. The DHHR alleged that petitioner previously had her parental rights to two older children terminated in Cuyahoga County, Ohio, in 2015. According to the DHHR, the final order from that case indicated that petitioner abandoned the older children; did not have stable housing; could not meet the needs of her children; and failed to complete parenting classes, substance abuse treatment, drug screens, mental health treatment, and a mental health evaluation. The DHHR alleged that, due to the prior termination of her parental rights, the instant proceedings were based upon aggravated circumstances and it noted that no substantial change in circumstances had occurred since the prior terminations. Further, the DHHR alleged that, at the time of the child's birth, petitioner had been using marijuana for several weeks.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

The circuit court held an adjudicatory hearing in August of 2016, wherein petitioner stipulated to the allegations contained in the petition. The circuit court accepted petitioner's stipulation, adjudicated her as an abusing parent, and granted her a post-adjudicatory improvement period.

The circuit court held its first review hearing regarding petitioner's post-adjudicatory improvement period in November of 2016. The DHHR reported that petitioner did not have stable housing, despite having received a housing voucher; missed some supervised visits with the child; and continued to test positive for marijuana. A second review hearing was held in January of 2017. The circuit court was advised that petitioner's supervised visitation had been terminated because she continued to test positive for marijuana. A third review hearing was held in February of 2017, wherein petitioner advised that she had recently begun providing negative drug screens and her supervised visitation had been reinstated. Petitioner also advised that she was working two jobs and maintaining stable housing. However, the DHHR noted that petitioner had been discharged by her service provider due to an argument. The circuit court directed the parties to find a new service provider and scheduled a dispositional hearing. In April of 2017, the circuit court held the dispositional hearing and granted petitioner a post-dispositional improvement period.

In December of 2017, the circuit court held a dispositional hearing wherein several people testified as to petitioner's noncompliance with the terms of her improvement period. A service provider testified that he had concerns about petitioner's judgment when parenting the child and noted that she missed approximately four supervised visits with the child. Another service provider testified that, between March of 2017, and the dispositional hearing, petitioner only appeared for approximately twenty-six of the fifty-seven required drug screens and tested positive for marijuana twice. Petitioner testified, admitting that she abused marijuana in both the underlying proceedings and prior abuse and neglect proceedings wherein her parental rights to two older children were terminated. Petitioner denied that she continued to smoke marijuana and stated that her recent positive screens must have resulted from "just simply being around others that smoked it." After hearing petitioner's testimony, the circuit court continued the hearing.

In January of 2018, the circuit court held a final dispositional hearing. After hearing evidence, the circuit court found that petitioner had been participating in an improvement period over the course of fifteen months and had not substantially complied with the same. Specifically, petitioner lied during the proceedings; failed to provide drug screens or tested positive for illegal substances when she did screen; maintained her relationship with the father of the child, whose parental rights had been terminated; and cancelled several visits with the child. As such, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse in the near future and that termination was necessary for the child's welfare. It is from the January 18, 2018, order terminating her parental rights and denying her post-termination visitation that petitioner appeals.[2]

---

[2]The parents' parental rights were terminated during the underlying proceedings. The child was placed with foster parents and the permanency plan for the child is adoption therein.

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights in two ways. First, she argues that the circuit court erred in terminating her parental rights upon the erroneous finding that there was no reasonable likelihood that she could correct the conditions of abuse. Specifically, petitioner argues that she secured an apartment, maintained employment, participated in services, and established a bond with the child during supervised visitation. We disagree.

According to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

Here, the record demonstrates that petitioner was granted a post-adjudicatory improvement period in August of 2016. Petitioner was offered several services but failed to substantially comply with them. Petitioner initially failed to obtain housing despite having a housing voucher, continued to abuse marijuana, and tested positive for the substance at several drug screens such that her supervised visitation with the child was suspended for a period of time. Petitioner also argued with her service provider and was ultimately discharged from those services. Despite such actions, the circuit court directed the parties to find another service provider and eventually granted petitioner a post-dispositional improvement period. However, petitioner failed to take advantage of the additional time to correct the conditions of abuse,

missing approximately twenty-six out of fifty-seven required drug screens and testing positive for marijuana twice. Petitioner also cancelled several visits with the child. Significantly, the record demonstrates that petitioner's parental rights to two older children were terminated under nearly identical circumstances. As such, we find that the circuit court did not err in finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future as she clearly did not follow through with the family case plan.

Second, petitioner argues that the circuit court erred in terminating her parental rights when less-restrictive alternatives were available. Specifically, petitioner argues that based upon her "sufficient improvement" as set forth above, and her demonstrated desire to participate in the proceedings, a less-restrictive alternative to termination of her parental rights was warranted. We find petitioner's argument to be without merit. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. As discussed above, the circuit court correctly found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect due to her failure to follow through with several aspects of her improvement period. Moreover, petitioner was unable to participate in supervised visitation for a period of time due to her substance abuse and cancelled several visits with the children when she was permitted to visit them. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W.Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996)(citing *Tiffany Marie S.*, 196 W.Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 259, 470 S.E.2d 205, 213 (1996)). As such, termination of petitioner's parental rights was also necessary for the child's welfare as evidence established that petitioner lacked a bond with the child.

While petitioner argues that the circuit court should not have terminated her parental rights without first granting her a less-restrictive alternative disposition, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Based upon the evidence, we agree with the circuit court's decision to terminate petitioner's parental rights upon findings that there was no reasonable likelihood that petitioner could correct the conditions of abuse and/or neglect and that termination was necessary for the child's welfare. As mentioned above, circuit courts are not obliged to employ less-restrictive alternatives to termination of parental rights upon such findings. Accordingly, we find no error.

4

Petitioner lastly argues that the circuit court erred in denying her post-termination visitation with the child. According to petitioner, the circuit court erroneously found that she failed to prove the existence of a bond with her child when a service provider testified at the dispositional hearing that petitioner and the child appeared to have a bond, the child was happy to be with petitioner during visits, and petitioner interacted well with the child. We find petitioner's argument to be unpersuasive.

> "When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). Here, petitioner failed to establish that post-termination visitation would be in the best interests of the child. Petitioner failed to consistently visit with the child throughout her improvement period. Further, another service provider and a Court Appointed Special Advocate testified at the dispositional hearing that petitioner did not appear to have a bond with the child. Petitioner asserts that these witnesses supervised visitation less frequently than the other service provider and she argues that the circuit court should not have given their testimony more weight. However, we have previously held that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). As such, we find that the circuit court did not abuse its discretion in denying petitioner post-termination visitation as the evidence supports a finding that it would not be in the child's best interests.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 18, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: June 15, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Allen H. Loughry II, suspended and therefore not participating

5